# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | | |
|---|---|---|
| ALLEN DEKEYSER and MARQUETA DEKEYSER, | ) ) ) | No. |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| MILWAUKEE POLICE OFFICER LEON BURNS; MILWAUKEE POLICE DETECTIVE SHAUN LESNIEWSKI; MILWAUKEE POLICE DETECTIVE JOSE FLORES; and THE CITY OF MILWAUKEE, a Municipal Corporation, | ) ) ) ) ) ) ) ) | Jury Demanded |
| Defendants. | ) ) | |

## COMPLAINT AT LAW

Now come the Plaintiffs, Allen Dekeyser and Marqueta Dekeyser, by and through their attorneys, the Law Offices of Jeffrey J. Neslund, and for their Complaint at Law, state as follows:

## INTRODUCTION

1.  On March 5, 2022, Marqueta Dekeyser called 911 because her husband, Allen Dekeyser, was threatening to harm himself with his handgun. Despite the fact the responding officers knew Allen Dekeyser was armed and having a mental crisis, Milwaukee Police Officer Leon Burns shot Allen Dekeyser in the face as he came to the front door. In an effort to justify the shooting, Officer Burns falsely claimed Allen Dekeyser pointed a gun in his direction and falsely charged Allen Dekeyser with a felony offense. Detectives also unlawfully detained Marqueta Dekeyser and prevented her from contacting family members or learning the status of her husband's injuries. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for

1

the deprivation of Plaintiffs' Constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Eastern District of Wisconsin.

3. Allen Dekeyser and Marqueta Dekeyser are individuals who at all times relevant to this action were living in the Eastern District of Wisconsin.

4. Defendants, Milwaukee Police Officer Leon Burns, Milwaukee Police Detective Shaun Lesniewski and Milwaukee Police Detective Jose Flores were at all times material hereto, duly appointed Milwaukee Police Officers employed by the City of Milwaukee acting in the capacity of as sworn law enforcement officials acting under color of law.

5. Defendant, the City of Milwaukee (hereinafter the "City"), was and is a Wisconsin municipal corporation, duly chartered and organized under the laws of the state of Wisconsin, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On and before March 5, 2022 Plaintiff Allen Dekeyser legally owned a handgun and had a Conceal and Carry Permit in the state of Wisconsin.

7. On March 5, 2022, at approximately 11:20 p.m., Plaintiff Marqueta Dekeyser called 911 because she was in an argument with her husband, Allen Dekeyser, who pulled out his handgun and was threatening to harm himself.

8. On March 5, 2022, at approximately 11:22 p.m., Defendant, Milwaukee Police Officer Leon Burns, and his partner, Officer Adam Rusch, were dispatched to the Plaintiffs' home in Milwaukee, Wisconsin.

9. Upon arrival, Officers Rusch and Burns spoke to Marqueta Dekeyser on the

sidewalk a few houses away from her home.

10. Marqueta Dekeyser told Officers Burns and Rusch that her husband, Allen was inside their home and was threatening to harm himself with his handgun.

11. Marqueta Dekeyser provided the Officers Burns and Rusch with the keys to the residence.

12. Marqueta Dekeyser specifically told Officers Burns and Rusch that her husband Allen never pointed the handgun at her and that her biggest fear was that Allen was going to harm himself.

13. Defendant Officer Burns and Officer Rusch walked over to Plaintiff's home and Defendant Burns unlocked both the outer glass door and front door to the house.

14. Plaintiffs' dog ran to the front door barking loudly and Defendant Burns closed the outer glass door.

15. Plaintiff Allen Dekeyser emerged slowly from the living room and both officers began yelling "Hands!"

16. At the same time Officer Rauch was giving a verbal command, "Let me see your hands," Defendant Officer Burns shot Allen Dekeyser in the face through the glass door.

17. In an attempt to justify the shooting, Defendant Officer Burns would later falsely claim that Allen Dekeyser pointed a handgun in his direction.

18. Officer Rauch, who was next to Defendant Burns on the front stoop of the doorway with a flashlight on his rifle, did not see Allen Dekeyser raise or point a handgun at Officer Burns.

19. Defendant Officer Burns did not inform radio dispatch that Allen Dekeyser raised or pointed a handgun in his direction.

20. As Defendant Officer Burns left Plaintiffs' home, he told Marqueta Dekeyser that

3

Allen was "fine," despite the fact he had just shot Allen Dekeyser in the face.

21. Allen Dekeyser was transported by ambulance to Froedtert Hospital where he was treated for his gunshot injuries.

22. Milwaukee Police Detectives, including Defendant Detectives Jose Flores and Shaun Lesniewski, were assigned to investigate this incident.

23. The Plaintiff's home has multiple Ring security cameras inside and outside the residence.

24. While at the scene, Detective Jose Flores interviewed Marqueta Dekeyser in a squad car and took possession of her cell phone, which has access to the Ring security cameras in and around her home.

25. During the interview with Detective Flores at the scene, Marqueta Dekeyser specifically asked about the condition of her husband. Detective Flores responded that he was "very through" and "had to make sure they are talking about the same person" and did not answer the question.

26. Plaintiff Marqueta Dekeyser was transported to the Milwaukee Police Administration Building where she was interviewed again by Det. Flores in an interrogation room with no windows.

27. Marqueta Dekeyser was not allowed to leave the interrogation room to see her husband or contact other family members to inform them Allen had been shot by the police.

28. While processing the scene, Detective Shaun Lesniewski noticed the Ring security cameras in Plaintiff's home, including a Ring camera in the living room with a view of the front door where Allen Dekeyser was shot.

29. At approximately 3:30 a.m. on March 6, 2022, Detective Lesniewski is seen on the

4

living room Ring video walking around the Plaintiffs' home with Marqueta Dekeyser's cell phone viewing various security video clips.

30. Approximately 27 minutes from the living room Ring video, from 11:14 p.m. to 11:42 p.m. on March 5, 2022, which includes the time of the shooting at approximately 11:38 p.m. are missing.

31. At approximately 4:10 a.m. on March 6, 2022, Detective Lesniewski conducted an unreasonable and excessive search of the Plaintiffs' home, including the use of various tools and a saw to cut a large hole all the way through the Plaintiffs' living room wall.

32. When Plaintiff Marqueta Dekeyser was finally allowed to return to her home on March 6, 2022, she was informed by Detective Lesniewski and other Milwaukee Police Officers that she would have to clean up her husband's pool of blood on the living room floor as well as the broken glass door and other damage to their home, including the large hole in the living room wall cut out by Detective Lesniewski.

33. After he was released from the hospital, Plaintiff Allen Dekeyser was detained and prosecuted for the felony offense of pointing a firearm at Defendant Officer Burns based on Officer Burns fabricated version of events.

34. On or about October 17, 2022, Milwaukee County prosecutors dismissed the felony charge against Allen Dekeyser of pointing a firearm at Officer Burns.

## COUNT I
**(Excessive Force)**

35. Plaintiffs reallege and incorporate by reference, the allegations contained in paragraphs 1 through 34 above.

36. The acts of Defendant Officer Burns was a deliberate and malicious deprivation of Plaintiff Allen Dekeyser's Constitutional rights against excessive force, as guaranteed by the

5

Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

37. As a result of the unreasonable and unjustifiable excessive force used by Defendant Burns, Plaintiff Allen Dekeyser suffered severe physical and emotional injuries, loss of normal life and other pecuniary losses, including medical bills and lost income.

## COUNT II
### (Sec. 1983 Unlawful Detention- Marqueta Dekeyser)

38. Plaintiffs reallege and incorporate by reference, the allegations contained in paragraphs 1 through 34 above.

39. As described above, Plaintiff Marqueta Dekeyser was unlawfully detained by Defendant Det. Flores without justification and without probable cause.

40. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff Marqueta Dekeyser.

41. As a result of the above-described wrongful infringement of Plaintiff Marqueta Dekeyser's rights, Plaintiff Marqueta Dekeyser suffered damages, including but not limited to extreme emotional distress and anguish.

## COUNT III
### (Fourth Amendment Claim for Deprivation of Liberty)

42. Plaintiffs reallege and incorporate by reference, the allegations contained in paragraphs 1 through 34 above.

43. As a result of evidence fabricated by the Defendant Burns, Plaintiff Allen Dekeyser was deprived of his liberty and was incarcerated in the Milwaukee County Department of Corrections.

44. But for the misconduct of the Defendant Burns outlined above, Plaintiff Allen Dekeyser would not have suffered a deprivation of his liberty.

45. The misconduct of Defendants outlined above proximately caused injury to Plaintiff Allen Dekeyser, including, but not limited to unjustified incarceration, humiliation, embarrassment, and severe physical and emotional distress.

## COUNT IV
### ( Malicious Prosecution)

46. Plaintiffs reallege and incorporate by reference, the allegations contained in paragraphs 1 through 34 above.

47. Plaintiff Allen Dekeyser was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff Allen Dekeyser's favor.

48. The Defendant Burns accused Plaintiff Allen Dekeyser of criminal activity knowing those accusations to be without probable cause, and fabricated evidence and made false reports and statements with the intent of exerting influence to institute and continue judicial proceedings.

49. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of Plaintiff Allen Dekeyser.

50. As a result of the above-described wrongful infringement of Plaintiff Allen Dekeyser's rights, he has suffered financial and other damages, including but not limited to unjustified incarceration, loss of normal life and substantial mental stress and anguish.

## COUNT V
### (Unlawful Search)

51. Plaintiffs reallege and incorporate by reference, the allegations contained in paragraphs 1 through 34 above.

52. As more fully described above, Defendant Detective Lesniewski entered and conducted an unreasonable and needlessly destructive search of Plaintiffs' residence, including cutting a large hole all the way through the living room wall, without legal justification, in violation of the Fourth Amendment to the United States Constitution.

53. As a direct and proximate result of the excessive and unreasonable manner the search of Plaintiffs' home was conducted, they have suffered damages including, but not limited, to property damage, property loss, embarrassment, humiliation, and emotional distress.

## COUNT VI
### (42 U.S.C. § 1983 Conspiracy Claim)

54. Plaintiffs reallege and incorporate by reference, the allegations contained in paragraphs 1 through 34 above.

55. As outlined above, the Defendants conspired and agreed to unlawfully use the police powers of the Defendant Officers to violate the civil rights of the Plaintiffs, including and charging Allen Dekeyser with crimes he did not commit.

56. The Defendants took overt acts in furtherance of this conspiracy, which included destroying personal property, providing false and/or incomplete or misleading information in sworn reports, signing false criminal complaints, and providing false and/or incomplete or misleading information to prosecutors.

57. This conspiracy was in violation of Plaintiffs' constitutional rights proximately caused injury to the Plaintiffs, including, but not limited to property damage, property loss, humiliation, embarrassment, and severe emotional distress.

## COUNT VII
### (*Monell* Claim)
*(Defendant City of Milwaukee)*

58. Plaintiffs reallege and incorporate by reference, the allegations contained in paragraphs 1 through 34 above.

59. The Milwaukee Police Department is a subsidiary division of Defendant, the City of Milwaukee ("City"). The City maintains and exercises control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendant Burns, Detectives Jose Flores and Shaun Lesniewski and their supervisors.

60. The Defendant City, through its subsidiary the Milwaukee Police Department, has established certain policies and procedures which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers and detectives of the Milwaukee Police Department, and were thereby ratified by the Defendant City.

61. The failure or refusal of the Milwaukee Police Department to properly train Milwaukee Police Officers to have tactical and situational awareness, utilize de-escalation techniques and the resulting failure of the Milwaukee Police Department to properly discipline its officers for the illegal use of excessive force, are the proximate cause of frequent injuries to civilian citizens, including the Plaintiffs.

62. According to the analysis of the Milwaukee Police Department's Use of Force in 2021, there were 1,905 use of force incidents in 2021, approximately 159 incidents per month, and 1,116 of these incidents involved displaying and/or pointing a firearm.

63. In the ten years prior to this incident (2010-2020) there were 312 use of force incidents involving the discharge of a firearm by a Milwaukee Police Officer. http://www.milwaukee.gov/fpc.

64. The failure and/or refusal by the City, through the Department, to properly train Milwaukee Police Officers, including Defendant Officer Burns, in de-escalation techniques, in particular with an armed individual having a mental crisis, resulted in the illegal use of deadly force in what was a misdemeanor domestic situation.

65. The failure and/or refusal by the City, through the Police Department, to properly train officers in de-escalation techniques, in particular with an armed individual having a mental crisis and to have proper tactical and situational awareness in the use of deadly force, constitutes a deliberate indifference by the City to such conduct.

66. The failure and refusal by the City, through the Department, to properly investigate the use of deadly force by sworn Milwaukee Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in the investigations of shootings by civilians, creates unwarranted and illegal favored treatment for a class of citizens, police officers, as compared with the treatment afforded civilian citizens.

67. The City's policies and practices in failing to conduct legitimate and impartial investigations into officer involved shootings include a.) the failure to video or audio tape officer interviews; b.) not separating officers involved in the shooting and allowing officers to use the same attorney; and c.) allowing officers to provide official statements days after the shooting and after consulting with any attorney. Such practices have helped create a culture within the Department that lacks organizational accountability in police use of force incidents, including

10

police shootings in which officers expect fellow officers and detectives not to question the need for or propriety of that use of force.

68. This lack of use of force and de-escalation training in connection with domestic incidents and with potential suicide calls as well as the lack of accountability contributes to a culture where Milwaukee Police Officers, including Defendant Officer Burns, understand that if they resort to using excessive force, they will not be held accountable for their misconduct and their version of events will not be subject to scrutiny.

69. The acts and omissions of the Defendant City, through the policies and procedures implemented by the Milwaukee Police Department and systemic failures in training and *defacto* policies and lack of accountability regarding the use of force outlined above were the moving force and proximate cause of the Plaintiffs' Constitutional violations.

**REQUEST FOR RELIEF**

70. Plaintiffs, Allen Dekeyser and Marqueta Dekeyser, respectfully request that the Court:

    a. Enter judgment in their favor and against Defendants;

    b. Award compensatory damages against Defendants;

    c. Award attorneys' fees against Defendants;

    d. Award punitive damages against the individual Defendants;

    e. Award prejudgment interest and post-judgment interest on any award; and

    f. Grant such other relief this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiffs, Allen Dekeyser and Marqueta Dekeyser, demand a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                Respectfully submitted,

                                                /s/ Jeffrey J. Neslund
                                                Jeffrey J. Neslund
                                                Attorney for Plaintiffs

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
134 North LaSalle Street, Suite 444
Chicago, IL 60602
(312) 223-1100
Email:  neslundlaw@yahoo.com