UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLEN DEKEYSER and
MARQUETA DEKEYSER,

        Plaintiffs,

v.                                                                            24-CV-0231

LEON BURNS,
SHAUN LESNIEWSKI,
JOSE FLORES, and
CITY OF MILWAUKEE,

        Defendants.

## JOINT FED. R. CIV. P. 26(f) REPORT

        Plaintiffs, Allen Dekeyser, and Marqueta Dekeyser ("Plaintiffs"), through their undersigned attorney, and Defendants, Leon Burns, Shaun Lesniewski, Jose Flores, and the City of Milwaukee. ("Defendants"), through its undersigned attorneys, pursuant to Fed. R. Civ. P. 26(f) and the Court's Order in ECF No. 10, submit the parties' Joint Rule 26(f) Report.

        Counsel for the parties conferred on the matters set forth in Fed. R. Civ. P. 26 on April 16, 2024 and discussed all of the issues required by Rule 26(f). All parties have had the opportunity to review and consent to the filing of this Joint Rule 26(f) Report. For the Rule 16 Scheduling Conference, Attorney Jeffrey Neslund, counsel for Plaintiffs, will participate and be available at (312) 223-1100, and counsel for defendants, Attorneys Jennifer Williams and Meghan McCabe, will participate and be available at (414) 286-2645.

        1.      <u>Nature of the Case</u>. Plaintiffs have brought this action under 42. U.S.C. §1983 of the Civil Rights Act of 1964, and have alleged excessive force, unreasonable detention,

deprivation of liberty, malicious prosecution, unlawful search, conspiracy, and *Monell* liability. The defendants deny such assertions.

2. <u>Amend Pleadings</u>. The Plaintiffs does not anticipate amending their Complaint.

3. <u>Joining Other Parties</u>. Neither party anticipates joining other parties.

4. <u>The Nature of Discovery</u>. The Parties agree that the timing, extent, and limitations on discovery shall be those set forth in the FEDERAL RULES OF CIVIL PROCEDURE and the Court's local rules and by the Court's customary Scheduling Order. Both Parties reserve the right under FED. R. CIV. P. 30(a) to move for additional fact depositions or interrogatories. At this time, the Parties do not anticipate any special issues related to the disclosure or discovery of electronic information but will promptly address any issues that do arise during the course of discovery. The Parties agree to make any and all necessary efforts to preserve all discoverable information, including electronically stored information.

5. <u>Privilege</u>. The Parties shall comply with Fed. R. Civ. P. 26(b)(5) relative to asserting claims of privilege or protection as trial preparation material after information is produced. The parties agree that any information which may be used for identity theft such as social security numbers, bank account numbers, insurance policy numbers or any other similar information may be redacted by the party producing the document and shall be redacted in the event the document is presented as evidence before the court. The Parties do not currently anticipate that they will need to stipulate to a protective order for certain information to be provided in discovery but will meet and confer should the need arise.

The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E). The parties agree that copies of all written discovery requests

and proposed findings of fact shall be provided and/or served electronically in a format editable by the other party (such as Word format), and that copies of all proposed findings of fact as required by the Court's standing order regarding summary judgment motions shall be served electronically in a similar editable format.

6. <u>Motions Contemplated by the Parties.</u> Defendant anticipates the filing of a Motion for Summary Judgment after the close of discovery. Plaintiffs does not immediately anticipate filing a Motion for Summary Judgment but reserves the right to do so.

7. <u>Length of Trial.</u> The parties' best estimate is that the trial in this matter may take five (5) days, including liability and damages.

8. <u>Request for Jury Trial.</u> Plaintiff has submitted a demand for a jury trial. The parties anticipate being prepared for trial in the Spring of 2025 on a date to be determined by the Court.

9. <u>Settlement Discussions.</u> The parties have not discussed settlement, but will consider engaging in such discussions as litigation proceeds.

**Proposed Case Schedule**

| | |
|---|---|
| June 17, 2024 | Deadline to File Amendments Without Leave of Court |
| May 24, 2024 | Initial Rule 26(a) Disclosures Due |
| September 13, 2024 | Plaintiff's Expert Witness Disclosures Due (if any) |
| September 13, 2024 | Defendant's Expert Witness Disclosures Due (if any) |
| November 29, 2024 | Close of Discovery |
| February 14, 2025 | Dispositive Motions Due (30 and 21-day briefing schedule) |

| April 11, 2025 | Daubert Motions Due |

Dated and signed at Milwaukee, WI this 17th day of April, 2024.

EVAN C. GOYKE
City Attorney
CITY OF MILWAUKEE

*s/Jeffery J. Neslund*
Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
Tel: (312) 223-1100
Email: neslundlaw@yahoo.com

*s/Jennifer L. Williams*
Jennifer L. Williams, Bar No. 1058087
Meghan C. McCabe, Bar No. 1132740
City of Milwaukee, City Attorney's Office
200 East Wells Street, CH 800
Milwaukee, WI 53202
Tel: (414) 286-2645
Email: jewill@milwaukee.gov

*Attorney for Plaintiffs Allen and Marqueta Dekeyser*

*Attorneys for Defendants Leon Burns, Shaun Lesniewski, Jose Flores, and City of Milwaukee*

1032-2024-315/290879