UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLEN DEKEYSER and MARQUETA DEKEYSER,

    Plaintiff,

v.

LEON BURNS and JOSE FLORES,

    Defendant.

Case No. 24-CV-231-JPS

TRIAL SCHEDULING ORDER

In order that the above-captioned litigation—now pending since February 21, 2024—be brought to conclusion, the following dates have been set before the Honorable J.P. Stadtmueller in the United States District Court for the Eastern District of Wisconsin, Room 425 United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202:

**FINAL SETTLEMENT REPORT:** Monday, June 16, 2025

**MOTIONS IN LIMINE:** Friday, June 20, 2025

**RULE 702 MOTIONS:** Friday, June 20, 2025

**FINAL JOINT PRETRIAL REPORT:** Friday, June 27, 2025

**FINAL PRETRIAL CONFERENCE:** Tuesday, July 1, 2025 at 8:30 AM

**JURY TRIAL:** Monday, July 14, 2025 at 8:30 AM

Unless otherwise specified, the parties should follow the standard deadlines as set by the Federal Rules of Civil Procedure and the local rules. Motions for extensions of time will not be looked upon favorably. The parties and their counsel are bound by the dates set herein, and no extensions or continuances will be granted without good cause shown.

Accordingly,

**IT IS ORDERED** that counsel for the parties meet and confer forthwith to address the substantial work necessary for the orderly preparation of the case for trial, bearing in mind each of the following protocols:[1]

## 1. FINAL PRETRIAL REPORT

All counsel who will actually try this case **must meet and confer in person** with the goal of jointly preparing a single final pretrial report, the principal burden for the filing of which rests with counsel for the plaintiff(s). The Court further requires that the principal attorney for each party attend the final pretrial conference in person. Consistent with the facts and law applicable to the case, the final pretrial report must separately address each of the nine (9) enumerated items found in Civil Local Rule 16(c)(1). In addition, a hard copy of the report bearing the original inked signatures of counsel who will actually try the case must be delivered to the Court's chambers, along with three (3) USB thumb drives, each containing a complete, consolidated set of the parties' exhibits, including all documents and a photograph of each physical exhibit. The exhibit list and

---

[1] These protocols are designed to be consistent with federal law, the Federal Rules of Civil Procedure, and the Eastern District of Wisconsin Local Rules. Fed. R. Civ. P. 83. To the extent these protocols supplement another rule, these protocols control. *Id.*

thumb drives should contain all exhibits, including those anticipated to be used only for purposes of impeachment or refreshment of recollection. The documents included on the thumb drives must be text-searchable. The signed pretrial report and thumb drives are due at the same time as the electronically filed version.

In preparing the final pretrial report, counsel and their respective clients should carefully read and study with care each of the following ten (10) mandatory requirements:

1. All exhibits must be marked and sequentially numbered in accordance with the procedure outlined in General L.R. 26. All exhibits must be disclosed, either in paper or electronic format, to opposing counsel prior to the final pretrial conference. Given that the parties must produce their exhibits to the Court in electronic format, the Court encourages the parties to utilize electronic transfer for their own exchange. If an identical exhibit is to be used jointly by the parties during the course of trial, the exhibit should only be marked once, whether by the plaintiff(s) or defendant(s), and introduced into evidence once, whether by one party or jointly. Further, counsel for the parties must jointly prepare a single exhibit list. This exhibit list should be prepared using the "Exhibit and Witness List" form (AO-187) found on this District's website on the "All Forms" page. The plaintiff's or plaintiffs' exhibits should be listed first, in numerical order, followed immediately by the defendant's or defendants' exhibits, in numerical order, and thereafter followed by a listing of the parties' witnesses. The completed form should be e-mailed to the Court's proposed order mailbox at the time the pretrial report is electronically filed.

2. In designating an exhibit for trial, the designating party must have a good-faith basis to believe the exhibit will actually be necessary for use at trial.

3. Save for essential physical exhibits, all evidence is to be presented in an electronic format. The parties should be mindful of this requirement during the discovery process. After the final pretrial conference is concluded, the Court's information technology staff

can provide a tutorial on interfacing with the Court's electronic presentation system. The only printed copies of exhibits that should be brought to the courtroom for trial are: (a) those created for the parties' own use at counsel's table, and (b) a single copy of each exhibit for the Court to provide to the jury for its deliberations (if necessary).

4. A brief summary of the elements underlying each claim and defense to be adjudicated must be included in the final pretrial report and inserted immediately preceding the parties' joint proposed jury instructions.

5. Each of the parties' agreed proposed jury instructions as well as the proposed verdict form must be appropriately tailored to the facts and law applicable to the case. Therefore, each proposed instruction as well as the verdict form must be tailored to the facts, edited, and formatted precisely as counsel would expect the instruction(s) and verdict to be submitted to the jury. Simple citations to form book instructions or verdict questions without more is wholly unacceptable. This branch of the Court has a longstanding policy of utilizing the Federal Civil Jury Instructions of the Seventh Circuit, to the extent they are applicable to the facts and legal issues attendant to the parties' claims and defenses. If no Seventh Circuit instruction addresses the relevant issues, the Court generally relies on secondary authority, including O'Malley's Federal Jury Practice and Instructions, and Matthew Bender's Modern Federal Jury Instructions.

6. In the event the parties are unable to agree upon a particular instruction or question in the verdict form in its entirety, counsel must include the separate proposed instruction(s) and/or verdict question(s) as part of the final pretrial report submissions. At the same time, each separately proposed instruction or proposed verdict question must be supported by a memorandum of law and, if appropriate, an offer of proof prepared by counsel for the party proposing the instruction and/or verdict question. The final pretrial report must also include a memorandum of law and, if appropriate, an offer of proof prepared by counsel for the party opposing the particular instruction and/or verdict question. To be clear, absolutely all briefing both in support of and in opposition to a proposed instruction or verdict question must be included in the final pretrial

report. In accordance with Civil Local Rule 7(d), failure to file a memorandum in opposition to a particular instruction or verdict question will be deemed by the Court to be sufficient cause to grant the requested instruction or verdict question. The Court contemplates that the joint drafting process for the instructions and verdict form, like the rest of the final pretrial report, will be conducted by counsel in person so that their differences on the instructions and verdict form may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

7. Any motions *in limine* should consist of one jointly drafted document signed by counsel for both parties. The motion should begin with a statement of the issue presented and a brief, neutral recitation of the relevant facts. The movant should then offer its arguments in favor of the motion, followed by the non-movant's responses thereto. The Court contemplates that this joint drafting process will be conducted by counsel in person so that their differences on the subjects of the motions may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

8. Any Rule 702 motions should be accompanied by a supporting memorandum of law. Responses to any such motions must be filed within seven (7) days. No reply briefs are permitted. As with the motions *in limine*, the Court expects that the parties will confer in person prior to the filing of Rule 702 motions and fully explore their respective positions, so that the motions themselves will focus only on the precise areas of disagreement.

9. As officers of the court, counsel have an obligation to discuss the anticipated filing of pretrial motions directly with opposing counsel, as, more often than not, such matters are best resolved informally with open communications between counsel without the necessity of court intervention. The Court notes that "to discuss" requires actual discussion with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing counsel. Therefore, when filed, all pretrial motions must include a separate

certification[2] prepared by movant's counsel stating that, after personal consultation with counsel for the party opposed to the motion, and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The certification must also recite the dates and times of such conferences and the names of all participants. To be clear, the Court expects the parties to confer several times and document those conferences before raising a pretrial motion before the Court. The failure to comply with the letter or the spirit of this rule will be sufficient grounds to deny the motion.

10. With regard to memoranda of law submitted to the Court in reference to disputed jury instructions or verdict questions, or a pretrial motion, the Court makes the following suggestions, which will serve to aid the Court in efficiently addressing such matters:

    a. If the parties intend to file deposition testimony, the parties should e-file a single transcript of the deposition testimony of each witness upon which they intend to rely. Any party citing to a given deponent's testimony should cite only to the docket entry containing said deponent's testimony, enabling the Court to easily locate that deposition, instead of engaging in an archeological dig to locate the source from which the specific excerpt may have been drawn.

    b. Any exhibit or report submitted in support of or in opposition to a party's position should be e-filed in its entirety in a single entry, and any party citing to an exhibit or report should cite only to the one entry containing said report.

    c. All parties should agree on a given citation system. No party should refer to a document by a different moniker than that by which the other parties refer to the same document. The Court strongly encourages the parties to include the docket number (and, if applicable, exhibit letter/number) of documents cited in their submissions. The Court also encourages the parties, if they are filing numerous exhibits as attachments to their motions, to include an index attached to the motion that notes the title of the exhibits that follow.

---

[2] The certification must be docketed separately and should not be hidden within a motion or a brief.

> When viewing the electronic docket, it should be obvious which documents are responsive to (or in support of) another document, as well as the identity of such other document.

d. All documents submitted to the Court electronically should be in an electronically-searchable format. If any documents are filed under seal, a thumb drive containing electronically-searchable PDF versions of the files should be provided to the Clerk's Office so that the Court will have access to all the documents, including those filed under seal, in an electronically searchable format.

e. Counsel shall not deliver additional courtesy copies of submissions to the Judge's chambers unless specifically directed to do so in accordance with the terms of this Order.

As the parties and their counsel endeavor to complete their work associated with the preparation of the final pretrial report, they are expected to confer in a candid, open manner, and make a good faith effort toward settlement of the case in its entirety.

## 2. SETTLEMENT AND MEDIATION

In recognition of the Court's limited resources and an ever burgeoning case load assigned to this branch of the Court, together with the continued escalating costs associated with litigation, the Court finds it prudent to require that counsel and their respective clients seriously undertake all appropriate measures, including utilizing the services of a randomly assigned magistrate judge, or another outside, third party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event counsel and their respective clients wish to avail themselves of the services of the randomly assigned magistrate judge, they are reminded that, like district judges, magistrate judges have very busy calendars. Therefore, in order to ensure timely scheduling of one or more mediation

sessions suitably in advance of the scheduled trial date, counsel must take appropriate steps to jointly request that the Court make such a referral.

Accordingly, the Court finds it prudent to direct that counsel for the parties confer forthwith to explore settlement, and, if appropriate, utilize the services of the randomly assigned magistrate judge or other third party neutral for purposes of conducting one or more settlement conferences. However, the Court preemptively warns the parties that it will not stay the trial or any other deadlines while the parties explore settlement in this matter. The Court will further direct that counsel for the plaintiff(s) file with the Court the final settlement report generally summarizing any progress made as of the report due date, including the date(s) counsel for the parties actually met and conferred. Such report shall be filed using a case-participant-only restriction so that access is restricted to the Court and counsel for the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the final settlement report is necessary.

Finally, the Court readily acknowledges and well appreciates the fact that, in this branch, preparation of a case requires a substantial commitment of time and resources. The parties ought not treat the Court's directives lightly. In the final analysis, adequate preparation remains the hallmark of an effective advocate, and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

The parties are encouraged to contact chambers should they have any questions about the matters addressed herein.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge